No. 47,206

CARL WAYNE BAKER, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(518 P. 2d 537)

Opinion filed January 26, 1974.

*Roy Kirby,* of Coffeyville, argued the cause and was on the brief for Appellant.

*Richard A. Medley,* county attorney, argued the cause, and *Vern Miller,* attorney general, *Lawrence E. Meyers,* assistant county attorney, and *Thomas L. Bright,* legal intern, of Coffeyville, were with him on the brief for the Appellee.

*Per Curiam:* This appeal is from an adverse ruling after hearing, on appellant's second application under K. S. A. 60-1507, in which he attacks a burglary conviction in 1970, and sentence under the Kansas Habitual Criminal Act, K. S. A. 21-107a.

The circumstances warrant our consideration of the petitioner's claim for relief on its merits.

Two questions are presented. The first is whether K. S. A. 21-107a is constitutional. Validity is attacked on the ground the statute is an unconstitutional delegation of judicial power to county attorneys for plea bargaining purposes.

A reading of the statute clearly establishes it delegates no authority to county attorneys, or anyone else. It is a clear mandate to the court to impose the prescribed heavier penalties when the evidence establishes the fact of former convictions. There is no reason to write a thesis on this subject. It is sufficient to say that if evidence necessary to enable the court to carry out its duty, is withheld, the problem is hardly one of constitutional law. We find no constitutional defect in K. S. A. 21-107a for any reasons assigned by appellant. See *Gladen v. State,* 196 Kan. 586, 413 P. 2d 124; *Addington v. State,* 198 Kan. 228, 424 P. 2d 871; *State v. Coutcher,* 198 Kan. 282, 424 P. 2d 865, and *Cipolla v. State,* 207 Kan. 822, 486 P. 2d 1391.

The second question is whether two previous convictions relied upon by the state for imposing the habitual criminal sentence were valid convictions, or constitutionally defective.

The first prior conviction relied upon was for second degree forgery in Montgomery County, in 1938, wherein the appellant entered a plea of guilty. The journal entry in that case shows the appellant was represented by an attorney. That entry recites the appellant stated "he wishes to enter a plea of guilty." But there is no affirmative showing he was advised of his rights and no other recital to support the voluntariness of the plea.

These deficiencies bring the 1938 conviction within the rule announced in *Boykin v. Alabama,* 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. That case requires an affirmative showing by the prosecution that a plea of guilty was voluntary and constituted a valid waiver. However, *Boykin* was handed down in 1969, 31 years after the 1938 Montgomery County conviction, and cannot affect the validity of that conviction unless given retroactive effect.

The problem of retroactiveness is settled to our satisfaction by *Halliday v. United States,* 394 U. S. 831, 23 L. Ed. 2d 16, 89 S. Ct. 1498, reh. den. 395 U. S. 971, 23 L. Ed. 2d 761, 89 S. Ct. 2106 (1969), declining to give the rule retroactive effect in the application of a new constitutional principle. We adopt the rule of *Halliday* as applicable to state convictions, and hold the constitutional rule is not to be applied retroactively. See *People v. Crater,* (Colo. 1973) 512 P. 2d 623. Thus, it follows the 1938 Montgomery County conviction was valid and sufficient to support a habitual criminal sentence. Post conviction procedures relating to parole revocation, of which appellant complains, cannot change the status of a legal conviction.

The second prior conviction upon which the court relied was for first degree robbery in Montgomery County in 1958, after trial by jury. Consequently the defects complained of in the 1938 conviction are not present. Appellant insists, however, the 1958 conviction was void because in that case the court imposed an habitual criminal sentence based on records of previous felony convictions in Sedgwick County, Kansas; Tulsa County, Oklahoma, and Los Angeles County, California, in which the records showed neither representation by counsel nor waiver.

Assuming the conviction records in Sedgwick County, in Oklahoma, and in California were constitutionally defective and could not be used for invoking the habitual criminal act, the bald fact remains that the 1958 conviction, after jury trial in Montgomery

County, was valid, although, for the sake of argument, the sentence may have been excessive.

We find no merit in appellant's contentions. The judgment of the district court is affirmed.