No. 48,681

STATE OF KANSAS, *Appellee*, v. CHARLES L. PIERSON, *Appellant.*

(565 P.2d 270)

Opinion filed June 11, 1977.

*John C. Humpage,* of Topeka, argued the cause, and was on the brief for the appellant.

*Merle E. Parks,* of Kansas City, argued the cause, and *Curt T. Schneider,* attorney general, *Nick A. Tomasic,* district attorney, and *Reid F. Holbrook,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in two criminal actions which were consolidated for trial. In each action the defendant-appellant, Charles L. Pierson, was convicted of aggravated robbery (K.S.A. 21-3437). In case No. 20768 CR the defendant was convicted of aggravated robbery of Marshall's Barber Shop in Kansas City, Kansas. The evidence was undisputed that the barber shop was robbed during the morning hours of September 5, 1973, by Stephen Craig Boster, James Larry Campbell, and John Uziel. All testified as to their participation in the robbery and implicated the defendant Pierson by swearing that defendant had visited the barber shop prior to the robbery, had supplied them with the weapons to be used in the robbery, and had instructed them how to proceed in committing the robbery. The three robbers left the

scene with money, a .45 caliber pistol, a watch, and the victim Marshall's car which contained other property. All three of the robbers testified that following the robbery some of the items taken were delivered to defendant Pierson and the weapons used were delivered back to him. In defense of this charge the defendant Pierson denied any participation in the robbery and introduced alibi evidence showing that he was not personally present when the robbery occurred. The jury chose to believe the state's witnesses.

Case No. 20767 CR involved the armed robbery of the Patio Tavern in Kansas City, Kansas, on October 4, 1973. This robbery was actually committed by Boster and Campbell. They implicated the defendant by testifying that he had given them a diagram of the tavern and had instructed them to rob the establishment after 2:00 p.m. on a Thursday because at that time the employees of the tavern would have in their possession large amounts of cash. According to Boster and Campbell the defendant told them exactly where the money was hidden in the tavern. The two robbers also swore that following the robbery they went to the defendant's place of employment and gave him his share of the money. The owner of the tavern testified that defendant had been on the premises on several occasions prior to the robbery but never stayed long and was not a regular customer. In his defense to this charge the defendant Pierson denied any dealings with Boster and Campbell and again presented alibi evidence to show that he was not present when the robbery occurred. The jury also chose to disbelieve the defendant on this charge and found him guilty. Following his conviction in these two cases the defendant appealed to this court claiming trial errors.

The first point raised by the defendant on the appeal is that the trial court committed prejudicial error in denying him the pretrial discovery of information concerning certain psychiatric records of witness John Uziel. After the defendant was bound over for trial and his case was docketed in the district court, his counsel filed a motion for production of evidence, which the district court sustained. The order was rather broad and in substance directed the state to furnish the defendant "rap sheets" in relation to the state's witnesses, if same exist, the names and addresses of the state's known witnesses and of any additional witnesses as they

became known to the state. The court further directed that the psychiatric background of Uziel be provided to the defendant and the defendant was ordered to provide the state a list of what he sought and the whereabouts of the treatment. On August 13, 1974, defense counsel advised the assistant district attorney that he had information that Uziel had been a patient at Osawatomie State Hospital in December 1970 and January 1971 and that he was also a patient at the General Hospital in Kansas City, Missouri, during 1972 and 1973. Counsel suggested that the prosecutor obtain a signed medical authorization form from Mr. Uziel. On October 25, 1974, defense counsel again wrote the assistant district attorney pointing out that he had not received the medical information in regard to John Uziel. On December 11, 1974, the assistant district attorney advised defense counsel that he had requested Uziel to sign a medical release for information and that Uziel had refused to grant permission to copy his records from Osawatomie State Hospital. On December 13, 1974, the defense counsel filed a motion for permission to take the deposition of the records librarian of Osawatomie State Hospital. Counsel for defendant also moved for an additional pretrial conference and filed a motion to dismiss the action on the grounds that defendant had been denied a speedy trial. These motions were taken up on January 7, 1975, and were overruled by the court. Thereafter John Uziel testified for the state at the trial over defendant's objection. The defendant contends here that he was denied the right of effective cross-examination of Uziel because he was denied Uziel's psychiatric records.

In support of his position the defendant relies upon *State v. Humphrey,* 217 Kan. 352, 537 P. 2d 155. *Humphrey* involved a charge of sale of illegal drugs. The prosecution's case was based solely on the testimony of one John Eckhart, a special agent of the Kansas attorney general. Eckhart signed the complaint which initiated the prosecution and was the sole witness against Humphrey. The defendant sought discovery of Eckhart's prior convictions, prior statements in the hands of law enforcement agencies, and information pertaining to Eckhart's medical records involving psychiatric treatment. The attempts to obtain this information were futile. The trial court denied the defendant discovery of any information adversely affecting Eckhart's credibility. On appeal we reversed, stating that the discovery provi-

sions under the criminal code should be liberally construed and that the scope of discovery should be as full and complete as is reasonably possible under the circumstances. We held that it was prejudicial error for the trial court to deny defendant discovery of prior statements and reports of Eckhart and information pertaining to his prior criminal record. We further held that it was prejudicial error for the court to deny the defendant his right to issue a subpoena duces tecum to the records librarian of the High Plains Comprehensive Community Mental Health Center so that such records could be examined at the trial. We declared this to be a denial of the defendant's constitutional right to compulsory process to compel the attendance of witnesses to testify on his behalf. In the opinion we emphasized that the testimony of Eckhart was the sole evidence connecting the defendant with the alleged crime and that Eckhart's credibility presented a material issue of substantial proportion with respect to the preparation of a defense on behalf of the defendant. The complete denial to the defendant of information which might affect Eckhart's credibility required the granting of a new trial.

In the present case the trial court granted liberal discovery rights to the defendant but unfortunately the state was not able to furnish to defense counsel Uziel's medical records because Uziel refused to sign a medical authorization form. The defendant's motion to take the deposition of the records librarian was taken up in January 1975 at the same time the defendant's motion to dismiss for denial of a speedy trial was considered. On the record in this case we cannot say that the denial of discovery of Uziel's psychiatric records before trial constituted reversible error. In the present case there were two witnesses who testified as to defendant Pierson's participation in the barber shop robbery in addition to Uziel. Also in this case defense counsel did not subpoena the medical records for introduction at the time of the trial of the case as defense counsel did in *Humphrey*. In addition defense counsel here was provided a great amount of information which he used to attack the credibility of John Uziel. We note that on cross-examination of Uziel, defense counsel brought to the jury's attention Uziel's prior felony record and the fact that Uziel had been granted immunity by the state in this case in return for his testimony against Pierson. It was also brought out in cross-examination that Uziel had alcohol problems and had been hospital-

ized for that reason at Osawatomie State Hospital and other hospitals. Under all the circumstances, since Uziel's testimony was cumulative to the testimony of Boster and Campbell and since defense counsel was able to cross-examine Uziel quite effectively as to matters affecting Uziel's credibility, we have concluded that the refusal of the trial judge to permit the defendant to take the deposition of the medical records librarian did not constitute prejudicial error and does not justify a reversal in this case.

The defendant's second point on the appeal is that the district court erred in failing to sustain defendant's motion to dismiss because of the failure of the state to provide defendant a speedy trial within the time limit prescribed by K.S.A. 22-3402. The defendant was not incarcerated prior to trial and the applicable time period allowed from arraignment to trial was 180 days. The record discloses that defendant was arraigned on April 19, 1974, and a pretrial conference set for May 1, 1974. The pretrial conference was continued at defendant's request to May 24, 1974. On that date a further continuance for pretrial conference was allowed at defendant's request and the pretrial conference was set and held on June 10, 1974. The appearance docket contained in the record shows the following notation on September 27, 1974: "Def. counsel requests that the trial not be set until further notice due to the unavailability of counsel at the present time." In December 1974 defendant filed his motion to dismiss for lack of a speedy trial. This motion was overruled on January 7, 1975, and trial was set for January 27, 1975. The expiration of time from arraignment to trial was 283 days. The defendant correctly points out that the duty rests upon the prosecution to bring the accused to trial. (*State v. Lewis,* 220 Kan. 791, 556 P. 2d 888.) However, K.S.A. 22-3402 exempts from the statutory time any delay which happens as a result of the application or fault of the defendant. Here the record shows two requests for continuance of the pretrial conference amounting to 70 days, all chargeable to the defendant. The judge's minutes on the appearance docket indicate that defense counsel on September 27, 1974, requested a continuance of the case until further notice. A delay of at least 102 days apparently resulted from the request that trial not be set until further notice from him. We cannot say that the trial court erred in concluding that this delay in trial occurred as a result of

the application of the defendant. It appears that the trial judge was quite accommodating to defense counsel and allowed him more than adequate time to develop his defense. Under the circumstances shown in this record we cannot say that the district court erred in denying defendant's motion for discharge based upon a denial of a speedy trial.

The defendant's third point on the appeal is that the trial court erred in failing to discharge defendant because there was a variance in the proof. The defendant maintains that the state elected to proceed against defendant in the information on the basis that he was a principal offender, while the evidence presented at the trial showed that the defendant was at most only an aider and abettor since he was not present at the time either of the robberies occurred. The defendant concludes that his conviction as an aider and abettor constituted a variance from the charge contained in the information and therefore his conviction should be set aside. This issue has been raised before this court on many occasions, most recently in *State v. Smolin,* 221 Kan. 149, 557 P.2d 1241, where we held that one who counsels, aids, or abets in the commission of any offense may be charged, tried, and convicted in the same manner as if he were a principal. We find no error in the refusal of the trial court to discharge the defendant because of a claimed variance in the proof.

The defendant next contends that the district court erred in permitting the witness, James Larry Campbell, to testify over the objection of the defendant because the state failed to furnish to defense counsel in advance of trial certain statements made by Campbell concerning robberies in Johnson county, Kansas, in July of 1973. On cross-examination Campbell admitted participating in these crimes but stated that he was never prosecuted for them. Counsel for the defendant indicated to the court his desire to examine the statements in an effort to obtain information if Campbell had been promised leniency in exchange for his testimony in the present case. At the request of the state and pursuant to K.S.A. 22-3213 (3) the trial court examined the prior statements of Campbell and ruled that they concerned other crimes not related to the crimes charged in this case and were therefore irrelevant. The defendant has made no proffer of testimony to sustain his claim of relevancy. The defendant fully cross-examined the witness Campbell in regard to these crimes and it does

not appear that his right to effective cross-examination was impaired by the court's ruling. It is important to note that the defendant has not included these "statements" in the record for our consideration. Under K.S.A. 22-3213 (3) the defendant could have taken steps to make the statements available to this court on the appeal so that the correctness of the ruling of the trial judge might be determined. The burden is on the appellant to present to an appellate court on appeal any matter upon which he intends to base a claim for relief. (*State v. Wilson & Wentworth,* 221 Kan. 359, 559 P. 2d 374.) We find no basis for reversible error on this issue.

The last point of claimed error is that the court erred in enhancing the defendant's sentence under the provisions of K.S.A. 1973 Supp. 21-4504 in reliance upon certain California felony convictions which were submitted to the court prior to sentencing. One of these convictions was based on defendant's plea of guilty to second-degree robbery entered in Los Angeles, California, on December 16, 1964. The defendant does not deny that he had counsel at his guilty plea but maintains that his prior conviction was considered by the trial court in this case without the court's first making a determination that the plea of guilty was obtained in compliance with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), and *Henderson v. Morgan,* 426 U. S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976). These cases held that before a plea of guilty may be accepted by a trial court the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. Both *Boykin* and *Henderson* involved *direct* attacks upon the challenged plea. Neither involved a collateral attack on prior convictions used by a sentencing court in another state to enhance punishment. We find the contention of the defendant here without merit. Every reasonable presumption in favor of the validity of a judgment should be indulged where there is nothing in the record to support allegations of irregularity. (*State v. Jefferson,* 204 Kan. 50, 53, 460 P. 2d 610.) In addition it should be noted that the convictions which were used to enhance the sentence in this case were final prior to the time *Boykin* was decided in 1969. The conviction on the defendant's plea of guilty as pointed out above is dated December 16, 1964, and the convictions of grand theft and burglary are dated July 12, 1948. It has

been held that *Boykin* does not apply retroactively. (*Baker v. State,* 213 Kan. 874, 518 P. 2d 537, relying upon *Halliday v. United States,* 394 U.S. 831, 23 L. Ed. 2d 16, 89 S. Ct. 1498, *reh. denied* 395 U.S. 971, 23 L. Ed. 2d 761, 89 S. Ct. 2106; *Green v. Turner,* 443 F. 2d 832 [10th Cir. 1971]; *Perry v. Crouse,* 429 F. 2d 1083 [10th Cir. 1970]; and cases cited in Bishop, *Federal Habeas Corpus in State Guilty Pleas,* 71 F.R.D. 235, 255-257.)

For the reasons set forth above the judgment of the district court is affirmed.