No. 48,688

State of Kansas, *Appellee,* v. Fred Green, *Appellant.*

(567 P.2d 893)

Opinion filed July 11, 1977.

*Jay H. Vader,* of Kansas City, argued the cause, and *J. Paul Maurin, III,* of Kansas City, was with him on the brief for the appellant.

*Zygmunt Jarczyk,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Fred Green, was convicted of burglary (K.S.A. 21-3715) and theft of property of a value of over $50 (K.S.A. 21-3701).

The facts of the case are not greatly in dispute. On March 12, 1975, the home of Robert Williams in Wyandotte county was burglarized. The unlawful entry took place while Williams and his wife were at work during the daylight hours. A number of items were taken, including a shotgun and a rifle. Both weapons were recovered the same day and were admitted into evidence as exhibits at the trial following their identification by Williams. Williams testified that he had paid $89 for the rifle and $190 for the shotgun. This was the only testimony concerning the value of the stolen items.

In regard to the identity of the burglar, Officer Ken Allen testified that he was patrolling the area at about 9:45 a.m. that morning when he observed two men hiding something in the snow in an area close to where the burglary had occurred. He proceeded to chase them but they split up and he was able to follow only one of the men. This person was later identified by Allen as the defendant Green. Officer Allen eventually lost sight of the defendant and returned to the area where he had first seen the two men. There he discovered hidden in the snow the rifle and shotgun which were later identified by Robert Williams as

property stolen from his home. Since there was fresh snow on the ground, Officer Allen was able to follow a set of footprints left by one of the men to the house of the defendant, Fred Green. Allen was informed that the defendant was not at home at the time. He returned the next day for the purpose of arresting defendant Green on a traffic warrant. The defendant opened the door in response to Officer Allen's knock and the officer immediately recognized Green as one of the men he had observed hiding the items in the snow the day before. The defendant Green was then arrested, charged, and tried for burglary and felony theft. The defendant's companion was never apprehended or identified.

The only real issue raised at the trial was the identity of the person who burglarized the Williams home. On this appeal the defendant raises three points, all of which involve the court's instructions. The first point concerns the trial court's failure to instruct the jury specifically on the lesser included offense of theft of property of a value of less than $50, which is a Class A misdemeanor. Closely related to this point is the defendant's second point that the trial court's instruction defining theft was insufficient, since it did not include the element of value as one of the essential elements of the crime of felony theft. These points may be discussed together. In instructing on Count 2 which charged the defendant with the crime of theft, the trial court used as a pattern PIK Criminal 59.01 as it appears in the original volume and instructed the jury as follows:

"The defendant is charged in two separate counts with the following crimes:

"In Count II, the defendant is charged with the crime of theft. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"(a) That Robert Williams was the owner of the property, to-wit: One 20-gauge automatic Sears Shotgun and one .22 automatic Rifle;

"(b) That the defendant obtained or exerted unauthorized control over the property;

"(c) That the defendant intended to deprive Robert Williams permanently of the use and benefit of the property; and

"(d) That this act occurred on or about the 12th day of March, 1975, in Wyandotte County, Kansas."

It should be noted that the value of the property was not included as one of the elements of the offense in this instruction. However, the verdict form on the charge of theft, patterned after PIK Criminal 68.11, required the jury to determine the value of

the property taken. The verdict form pertaining to Count II was as follows:

"Verdict

"· · · · · · · · · · · · · · · ·

"We, the jury, find the defendant, Fred Green, guilty of theft as charged in Count II and find the value of the property to be:

"Fifty Dollars or more ___X___

"Less than Fifty Dollars _____

"(Place an X on the appropriate line to indicate value)

"/s/ Emmett J. Tuttle, Foreman"

It is the position of the defendant that the trial court committed reversible error because it failed to instruct the jury on the lesser included offense of theft of property of a value under $50 as required by K.S.A. 21-3107 (3). That statute provides that, in cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to. We have concluded that the instruction setting forth the elements of theft coupled with the verdict form used here were sufficient to satisfy the requirements of K.S.A. 21-3107 (3). The record discloses that on *voir dire* examination and again in his opening statement and closing argument the prosecutor informed the jury that the defendant was charged with the offense of theft of property of a value of over $50. Furthermore it is clear that the value of the property taken in the burglary was not substantially in issue. The victim of the burglary testified that the rifle and shotgun cost $89 and $190 respectively, and both the rifle and shotgun were admitted into evidence before the jury and were available for their examination. The defendant did not cross-examine any witness on this issue, nor did he present any evidence of the value of the stolen firearms to contradict the state's evidence. The only real issue at the trial was the identity of the burglar-thief. Furthermore defense counsel did not object to the instruction defining theft or to the verdict form, nor did he request another instruction covering the subject.

The procedure which the court followed here in instructing on

the statutory elements of theft and submitting to the jury in the verdict form the question of the value of the property taken was sufficient to satisfy the requirements of K.S.A. 21-3107 (3), although it is a better practice to instruct the jury with respect to the element of value. (*State v. Nesmith,* 220 Kan. 146, 551 P. 2d 896.) From all the circumstances we have concluded that, since the jury was instructed on all of the statutory elements of theft and was required by the verdict form to determine the value of the property taken, the defendant's rights were fully protected. The jury could have brought in a verdict for misdemeanor theft had it chosen to do so. The omission of the element of value in the court's instruction under these circumstances was not so clearly erroneous as to require a reversal in this case.

The final point presented on the appeal is that the trial court erred in instructing the jury on aiding and abetting. The defendant lodged a timely objection to this instruction. The defendant's contention is that, since he was charged as a principal and there was very little evidence of a second participant, he was denied due process by having the jury consider this alternative theory. Here the evidence showed that Officer Allen saw *two* men hiding the weapons in the snow and then fleeing. There was a real question whether the defendant was the person who actually entered the Williams home and committed the burglary and theft. This evidence was sufficient to justify the court in instructing on aiding and abetting. It is well established that a person who counsels, aids, or abets in the commission of any offense may be charged, tried, and convicted in the same manner as if he were a principal. (*State v. Pierson,* 222 Kan. 498, 565 P.2d 270; *State v. Smolin,* 221 Kan. 149, 557 P.2d 1241.)

The judgment of the district court is affirmed.