Robert L. TWYMAN,
Petitioner-Appellant,

v.

STATE OF OKLAHOMA and Richard A.
Crisp, Respondents-Appellees.

No. 77–1089.

United States Court of Appeals,
Tenth Circuit.

Submitted Aug. 3, 1977.

Decided Aug. 17, 1977.

Larry Derryberry, Atty. Gen., Harold B.
McMillan, Jr., Asst. Atty. Gen., Oklahoma
City, Okl., filed memorandum supporting
summary action on behalf of appellees.

Before SETH, United States Circuit Judge, and PICKETT, United States Senior Circuit Judge, and McWILLIAMS, United States Circuit Judge.

PER CURIAM.

Appellant Twyman is an inmate at the Oklahoma State Penitentiary as a result of his 1973 murder conviction and resulting sentence to life imprisonment. Conviction and sentence were affirmed on appeal to the Oklahoma Court of Criminal Appeals. *Twyman v. State*, 521 P.2d 90 (Okl.Cr.1974). State post-conviction proceedings were unsuccessful.

Twyman now seeks federal habeas corpus relief alleging that federal constitutional error was committed when the prosecutor cross-examined Twyman regarding: 1) prior misdemeanor convictions which Twyman claims are constitutionally invalid for the reason that he was not afforded counsel at trial and the convictions resulted in sentences to imprisonment; and 2) the fact that he waited until trial to furnish information regarding procurement of a pistol which apparently served as the murder weapon. The district court found no merit to either contention and denied relief. We affirm.

We first address Twyman's contention that his conviction is constitutionally infirm because the trial court allowed into evidence, as a result of cross-examination, prior misdemeanor convictions which Twyman claims to be constitutionally unsound. *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), forbids use of prior uncounselled convictions for the purpose of impeaching a criminal defendant's testimony at his trial. *Id.* at 482, 92 S.Ct. 1014. The dictates of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), were held applicable to misdemeanor trials in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), wherein the Supreme Court held that ". . . absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by

counsel at his trial." *Id.* at 37, 92 S.Ct. at 2012. *See also, Ford v. Wainwright*, 526 F.2d 919, 921 (5th Cir. 1976). The retroactivity of *Argersinger* was established in *Berry v. City of Cincinnati*, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973). Thus, use of uncounselled prior misdemeanor convictions, for which a sentence to imprisonment was imposed, for impeachment purposes may require reversal of a state conviction in a federal habeas proceeding. *See, Potts v. Estelle*, 529 F.2d 450, 452 (5th Cir. 1976).

Here, there has been no determination regarding the validity of Twyman's allegations that the complained of misdemeanor convictions occurred under the alleged circumstances: he was not represented by counsel; and he received a sentence to imprisonment. Nevertheless, accepting, arguendo, that Twyman's allegations of fact are true, and assuming the existence of error, we are convinced that the error was harmless. The question is whether there was a reasonable possibility that the error complained of may have contributed to the conviction. *Fahy v. State of Connecticut*, 375 U.S. 85, 86, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). Error can be held harmless only if the court can declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. State of California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In a case such as this, the harmlessness of the alleged error must be assessed in light of the probable impact on the minds of an average jury. *Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). We must be convinced, from a review of the trial transcript, that the jury would not have found the state's case significantly less persuasive had the alleged uncounselled misdemeanor convictions not been brought to light. *Bond v. State of Oklahoma*, 546 F.2d 1369, 1376 (10th Cir. 1976).

Given the nature of the charge (murder), the type of misdemeanor convictions involved (drunk driving and issuing bad checks), and Twyman's prior *felony* convictions, we see no reasonable possibility that the misdemeanor convictions had a signifi-

cant impact on the minds of the jury. The error, if error at all, was harmless. *Agee v. Wyrick*, 546 F.2d 1324, 1326 (8th Cir. 1976). *But see, Clayton v. Haynes*, 517 F.2d 577 (4th Cir. 1975).

Twyman next complains that error was committed when the prosecution was permitted, during cross-examination, to question him regarding the fact that he waited until trial to furnish information regarding procurement of what apparently was the murder weapon. Twyman contends that this constituted an impermissible comment on his Fifth Amendment right to remain silent. He relies principally on *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), wherein the Supreme Court held that comment, for impeachment purposes, on a habeas petitioner's pre-trial silence constituted reversible error. This court, too, has held that comments by a prosecuting attorney on the silence of an accused can be plain, fundamental error, requiring reversal. *Deats v. Rodriguez*, 477 F.2d 1023 (10th Cir. 1973). *See also, Johnson v. Patterson*, 475 F.2d 1066 (10th Cir. 1973), cert. denied 414 U.S. 878, 94 S.Ct. 64, 38 L.Ed.2d 124. The question to be resolved is whether Twyman waived his privilege against compulsory self-incrimination. *Harrison v. United States*, 392 U.S. 219, 222, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

■ The district court distinguished *Doyle* on the ground that Twyman did not exercise his right to pre-trial silence. Doyle's pre-trial silence was not absolute. *Doyle*, 96 S.Ct. at 2247. However, Doyle's statements to the arresting officers were tantamount to silence: at the time of arrest he merely denied awareness of what the arresting officers were talking about. Here, Twyman's first contact with an F.B.I. agent occurred when he surrendered himself, as a parole violator, to the Nevada agent. Shortly after surrender, Twyman was advised of his *Miranda* warnings and informed that he was under investigation for unlawful flight to avoid prosecution for murder. Twyman's response was to give the F.B.I. agent a detailed accounting of his recent activities, including his association with the murder victim. Twyman also chose to testify at trial where he again gave a purportedly full and detailed accounting of his activities. Twyman thus opened himself up to full cross-examination, the same as any other witness. Under the circumstances presented he waived his right to remain silent. There accordingly was no infringement upon his Fifth Amendment rights when the prosecution cross-examined him regarding omission, in his purportedly complete explanation to the arresting F.B.I. agent, of information regarding procurement of the pistol.

Upon docketing, the parties were notified that this appeal was to be considered on the record of proceedings before the district court and without oral argument. Each has submitted a memorandum in support of their respective position. After carefully and thoroughly reviewing the files and records in this case, we are convinced that habeas corpus relief was correctly denied.

Affirmed. The mandate shall issue forthwith.