No. 48,975

STATE OF KANSAS, *Appellee,* v. ROBERT L. SINGLETON, *Appellant.*

(575 P 2d 540)

Opinion filed February 25, 1978.

*Robert L. Nicklin,* of Law Offices of John C. Frank, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal by Robert L. Singleton from his conviction of charges of aggravated kidnapping, K.S.A. 21-3421, aggravated battery, K.S.A. 21-3414, and unlawful possession of a firearm, K.S.A. 21-4204. He was sentenced to terms of life, not less than five nor more than twenty years, and not less than three nor more than ten years, respectively, all sentences to run concurrently.

Defendant raises two points, one concerning comment by the prosecutor upon defendant's post-arrest silence, the other concerning jury instructions.

The acts with which defendant was charged and convicted occurred between six and seven o'clock on Sunday morning, June 22, 1975. Defendant was arrested three days later. He was given the *Miranda* warnings, and thereafter he talked at length with Detective Crisp of the Wichita Police Department. The state did not introduce evidence of this conversation during the presentation of its case-in-chief.

Defendant testified in his own behalf. He gave precise details of his movements from 10:30 o'clock p.m. on Saturday the

twenty-first, until 8 o'clock a.m. on Sunday the twenty-second, giving names of persons and places. He said that he was in the Siesta Motel with his girl friend, Mary Jolene Brown, from six to eight o'clock Sunday morning.

On cross-examination he was questioned about differences between his trial testimony and the statements he made to Detective Crisp shortly after his arrest. He responded that it had been so long (nine months) that he didn't remember what he talked about with Detective Crisp, or what was said. He did say that Detective Crisp had not asked him where he was (during the time the offense was committed) and that he probably would have told Detective Crisp, had he been asked.

Detective Crisp was called by the state as a rebuttal witness. He testified that he interviewed the defendant on June 25, three days after the occurrence. Crisp first advised defendant of his rights. Defendant did not ask for an attorney and gave no indication that he did not want to talk to the officer. Upon being asked to account for his time during the crucial Saturday evening and Sunday morning, he responded that he had been quite active with his work and his hobbies, but he could not tell the officer "exactly what he had done at any particular time three days or four days or two days prior." Defendant did not mention Mary Brown, did not indicate that he had been at the Siesta Motel, and did not mention the other people and places detailed during his trial testimony.

In closing argument, the prosecutor pointed out the differences between defendant's statement to the detective and his trial testimony, and emphasized defendant's failure to remember where he was after three days, and his detailed recollection months later, at the time of trial.

The cases upon which defendant relies are *Doyle v. Ohio,* 426 U.S. 610, 49 L.Ed.2d 91, 96 S.Ct. 2240; *State v. Mims,* 220 Kan. 726, 556 P.2d 387; and *State v. Heath,* 222 Kan. 50, 563 P.2d 418. These cases hold that it is constitutionally impermissible for the prosecution to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining him as to his silence after arrest and after receiving the *Miranda* warnings, or by commenting thereon. The rationale for the rule is that one should not be penalized for exercising a constitutional right.

Singleton, however, did not exercise his constitutional right to remain silent. He talked to the officer, responded willingly, and

answered all questions asked. At trial, however, he changed and embellished his story, supplying many additional details.

We view this not as an instance where the accused carried on but a limited discussion with the arresting officers, as was the case in *Doyle,* supra, and in *State v. Clark,* 223 Kan. 83, ___ P.2d ___. There was no exercise of the right to remain silent, partial or otherwise, by Singleton.

A similar case is *Twyman v. State of Oklahoma,* 560 F.2d 422 (10th Cir. 1977). The following discussion from that case is particularly apropos:

> ". . . Shortly after surrender, Twyman was advised of his *Miranda* warnings and informed that he was under investigation for unlawful flight to avoid prosecution for murder. Twyman's response was to give the F.B.I. agent a detailed accounting of his recent activities, including his association with the murder victim. Twyman also chose to testify at trial where he again gave a purportedly full and detailed accounting of his activities. Twyman thus opened himself up to full cross-examination, the same as any other witness. Under the circumstances presented he waived his right to remain silent. There accordingly was no infringement upon his Fifth Amendment rights when the prosecution cross-examined him regarding omission, in his purportedly complete explanation to the arresting F.B.I. agent, of information regarding procurement of the pistol." (p. 424.)

We hold that Singleton waived his right to remain silent when he voluntarily answered all of the questions propounded by Detective Crisp. Defendant was thus open to full cross-examination on the same footing as any other witness. The trial court did not err in permitting the state to cross-examine him as to the variance between his statement and his testimony, and as to his failure to give full answers to the detective's questions. Likewise, the prosecution's comment thereon was not error.

We turn to the final claim of error. After the parties rested, the trial court instructed the jury. The state then made its opening argument. At that point the trial judge gave the jury one additional instruction, PIK Crim. 54.05, on aiding and abetting. Defense counsel and the prosecutor then concluded their oral arguments.

After the jury had deliberated for about three hours, defense counsel objected to the aiding and abetting instruction on the ground that the court's timing in giving the argument separately gave it added emphasis. The court overruled the objection. Shortly thereafter the jurors were brought into court in order that the judge might answer a question submitted, and at that time the

judge admonished the jury that the aiding and abetting instruction should not be given undue consideration, but should be considered in the same manner as the other twenty instructions which had been given.

K.S.A. 22-3414(3) provides that the judge shall instruct the jury "at the close of the evidence before argument . . ." This comports with our long standing practice in both criminal and civil trials.

Upon the record before us it was error for the judge to give the added instruction after the state concluded its opening argument; however, we hold that the error was not prejudicial. Counsel for the defendant had not yet argued the case when the instruction was given, and thus he had the opportunity to comment on the instruction during his closing argument. The judge very carefully cautioned the jury to place no more emphasis or importance on that instruction, although given out of time, than upon the other instructions. Failure to give it at the usual time was merely an oversight, and the court corrected it at the first opportune time.

Under the evidence, the aiding and abetting instruction was appropriate and germane. The fact that defendant was charged as a principal does not make an aiding and abetting instruction improper; one who counsels, aids or abets in the commission of an offense may be charged, tried and convicted as a principal. K.S.A. 21-3205; *State v. Smolin,* 221 Kan. 149, 152, 557 P.2d 1241; *State v. Pierson,* 222 Kan. 498, 565 P.2d 270. We conclude that the giving of the instruction was not prejudicial error, and does not require a reversal.

The judgment is affirmed.