No. 74,075

STATE OF KANSAS, *Appellee*, v. ANTHONY D. CHILES, *Appellant*.

(917 P.2d 866)

Opinion filed May 31, 1996.

*Edward G. Collister, Jr.*, special appellate defender, argued the cause, and *Stephen C. Moss*, assistant appellate defender, was with him on the brief for appellant.

*Thomas J. Schultz*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The defendant, Anthony D. Chiles, appeals the Sedgwick County District Court's denial of his motion to correct an illegal sentence, pursuant to K.S.A. 22-3504, alleging that the Habitual Criminal Act, K.S.A. 21-4504 (Weeks), was improperly used to enhance his sentence and that he was improperly convicted of and sentenced for the crime of unlawful possession of firearm. The defendant contends that the sentence enhancement and the firearm conviction were improper because the underlying crime they were based upon was invalid as he was never informed of his rights before he pled guilty to the underlying crime. Jurisdiction is pursuant to K.S.A. 22-3601(b)(1).

The underlying crime Chiles is attacking is aggravated robbery, to which he pled guilty on January 14, 1974. The sentence Chiles claims is illegal and seeks corrected was imposed on August 3, 1978, after a jury found him guilty of aggravated robbery, aggravated battery, and unlawful possession of a firearm after a previous felony conviction. The defendant appealed these convictions to this

court, and the convictions were affirmed. *State v. Chiles*, 226 Kan. 140, 595 P.2d 1130 (1979).

. The defendant contends that the sentence enhancements and the firearm charge were improper because the underlying crime they were based upon, the 1974 conviction for aggravated robbery, was invalid. The defendant contends that the conviction for the 1974 crime was invalid because he was not properly informed of the consequences of his guilty plea pursuant to the due process requirements under K.S.A. 22-3210 and *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969).

In the 1974 underlying crime, the defendant signed an Advice of Rights, which informed him of the following information: The crime he was charged with, the appointment of an attorney to represent him, the minimum and maximum penalties for the crime, his right to plead not guilty, his right to make the State prove his guilt under each element of the crime, the elements of the crime, the consequences of pleading guilty such as losing the right to a jury trial, the fact that a guilty plea must be voluntary, the district attorney's statement that he would recommend the minimum sentence, and the fact that an SRDC evaluation could result in a reevaluation of his sentence. The Advice of Rights also stated that the defendant had not been "threatened, coerced or intimidated, in order to induce [him] to enter a plea of guilty," nor had he been promised any benefit, immunity, or assurances of what the court might do should he plead guilty. The last paragraph of the Advice of Rights stated: "I [the defendant] am satisfied with the advice, recommendations, and representation which I have received from my attorney and I have decided to enter a plea of guilty, for I believe that a verdict of guilty would be the result of any trial and for the further reason that I am, in fact, guilty of the offense charged."

When the defendant entered his plea, he admitted that he had robbed Church's Fried Chicken and that he had used a handgun in the crime. At this plea proceeding, the court informed the defendant of the maximum sentence. The court imposed the negotiated sentence recommended by the district attorney. The 1974 journal entry stated that the defendant had been informed by the

court of the consequences of the guilty plea and of the maximum penalty provided by law. The journal entry also stated that the court determined the plea was voluntarily made with an understanding of the nature of the charge and the consequences of the plea and that there was a factual basis for the plea.

In 1994, the defendant filed a motion to correct the illegal 1978 sentence, contending that the 1974 plea proceeding and the accompanying conviction, which two of the 1978 sentences and the 1978 firearm conviction were based upon, were invalid because he was not properly informed of the consequences of his guilty plea.

In denying the defendant's motion to correct an illegal sentence for his 1978 convictions and sentences based on the invalidity of his 1974 conviction, the district court found that the judge in 1974 substantially complied with 22-3210 and informed the defendant of the consequences of his plea by having the defendant sign the Advice of Rights. Finally, relying on *State v. Morris*, 254 Kan. 993, 1000, 869 P.2d 739 (1994), the court pointed out that the defendant was attacking his 1974 plea 22 years after the plea was entered. Thus, the court denied the defendant's pro se motion to correct an illegal sentence. The defendant appeals this ruling.

The State challenges this court's jurisdiction. We are satisfied we have jurisdiction. The jurisdictional issue is whether the time to file a notice of appeal is tolled when a motion is filed pursuant to K.S.A. 60-252 (motion to amend or set aside the judgment) or K.S.A. 60-259 (newly discovered evidence). There is not a criminal statute which concerns tolling of the time to file a notice of appeal. Thus, the court must look to civil procedure to determine if the defendant's time to file this appeal was tolled.

Under the civil procedure statute, K.S.A. 60-2103(a), the running of the time for appeal is tolled by a timely motion made pursuant to K.S.A. 60-252 or K.S.A. 60-259, and the full time for appeal is to be computed from the order granting or denying such motions.

## COLLATERAL ATTACK

Relying on *State v. Delacruz*, 258 Kan. 129, 138, 899 P.2d 1042 (1995), the State contends that the defendant improperly seeks to

collaterally attack the 22-year-old 1974 conviction for aggravated robbery.

In *Delacruz*, the court addressed the circumstances in which a defendant may collaterally attack prior convictions which are used to enhance current sentences under the Kansas Sentencing Guidelines Act. In *Delacruz*, the defendant pled guilty to one count of the sale of marijuana. The defendant's criminal history included three person misdemeanor battery convictions which were rated as one person felony conviction under K.S.A. 21-4711(a). The defendant also had three nonperson misdemeanor convictions of driving while suspended. Further, the defendant's fourth charge of driving while suspended resulted in a nonperson felony conviction for driving while suspended as provided by K.S.A. 8-262. The defendant pointed out that all of the misdemeanor battery convictions and one of the misdemeanor driving while suspended convictions were uncounseled. Further, the defendant contended that while he had counsel or waived his right to counsel for the other misdemeanor convictions of driving while suspended, these convictions still resulted from guilty pleas that were not knowingly entered.

This court discussed the circumstances justifying collateral attack of a prior conviction. The defendant argued that even though some of his prior misdemeanor convictions for driving while suspended were counseled, the convictions were still invalid because the pleas were not voluntary; thus, they should not be used to enhance his sentence for the current conviction.

In analyzing this issue, the court relied on *Custis v. United States*, 511 U.S. 485, 128 L. Ed. 2d 517, 114 S. Ct. 1732 (1994). In *Custis*, the United States Supreme Court determined "whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance his sentencing under the [Armed Career Criminal Act] (ACCA)]". The Court held that, under the ACCA, a defendant does not have a right to collaterally attack prior convictions unless the defendant's prior convictions were obtained in violation of the right to counsel. 511 U.S. at 487.

In analyzing this issue, the Court first found that the ACCA statutory language did not authorize collateral attacks. "The statute focuses on the *fact* of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors" when the prior conviction is used to enhance a sentence. 511 U.S. at 490-91. However, the defendant argued that regardless of whether the ACCA statutory language permits collateral challenges of prior convictions, the Constitution requires that such collateral attacks be allowed. Again, the United States Supreme Court disagreed, stating:

"Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*. We decline to do so. . . . [T]here has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect. Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a 'stipulated facts' trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. [Citation omitted.]

"Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently non-existent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States.

"The interest in promoting the finality of judgment provides additional support for our constitutional conclusion. As we have explained, '[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice. *United States v. Addonizio*, 442 U.S. 178, 184[, n.11., 60 L. Ed. 2d 805, 99 S. Ct. 2235] (1979). . . . These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force' *United State v. Timmreck*, 441 U.S. 780, 784[, 60 L. Ed. 2d 634, 99 S. Ct. 2085] (1979)." 511 U.S. at 496-97.

This court in *Delacruz* found that a "collateral attack on prior convictions . . . would force the sentencing court to look behind every conviction with practically no record to rely on." 258 Kan. at

139. Thus, the defendant in *Delacruz* was not allowed to attack his prior misdemeanor convictions, used to enhance his current sentence, by alleging that the convictions were obtained after inadequate plea colloquies. 258 Kan. at 139. See also *State v. Pierson*, 222 Kan. 498, 504, 565 P.2d 270 (refusing to allow defendant to collaterally attack prior conviction which was used to enhance current sentence by alleging that the guilty plea in the prior conviction was not understandingly and voluntarily entered, especially when prior conviction was final before the rules governing proper guilty pleas were promulgated), *cert. denied* 434 U.S. 868 (1977); *State v. Likins*, 21 Kan. App. 2d 420, 433, 903 P.2d 764 (because the defendant was advised of his right to counsel and properly waived that right, the court refused to allow the defendant to collaterally attack the prior conviction which was used to enhance the severity of the current crime by alleging that the guilty plea in the prior conviction was invalid), *rev. denied* 258 Kan. 861 (1995).

Both *Custis* and *Delacruz* focus on whether a defendant has a constitutional right to collaterally attack a prior conviction which is used to enhance a current sentence. This analysis should also apply to whether the defendant has a constitutional right to collaterally attack a prior conviction used as an element in a current crime, *e.g.*, felon in possession of a firearm. The policy reasons behind the *Custis* and *Delacruz* decisions in the sentence enhancement cases—ease of administration and finality of judgment—should also apply to cases which use prior convictions as an element of a crime.

For instance, the statute which the defendant was convicted under, unlawful possession of a firearm, K.S.A. 21-4204 (Weeks), punishes a person who possesses a firearm within 5 years after the person has been convicted of a felony in Kansas or any other jurisdiction or released from imprisonment for a felony. Thus, if a defendant is allowed under the Constitution to collaterally attack the underlying felony when charged with this crime, then the court ruling on the firearm charge would be required to look behind the underlying conviction, which could have occurred in any other state, and determine if it was valid. This does not make good policy. Instead, the time for a defendant to attack the underlying convic-

tion is on an appeal when originally convicted of the underlying crime or in a habeas corpus proceeding. See *Custis*, 511 U.S. at 497; *Delacruz*, 258 Kan. at 137. This is especially true here because the 1974 underlying conviction for aggravated robbery which the defendant wishes to collaterally attack as an element of the 1978 crime is a result of the guilty plea. See 511 U.S. at 497. ("These principles bear extra weight in cases in which the prior convictions . . . are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attacks has special force.' ") Thus, the rule under *Custis* and *Delacruz* should also apply to collateral attacks of a prior conviction used as an element of a current crime as well as collateral attacks of a prior conviction used to enhance a current sentence.

The statute used to enhance the defendant's sentences for the 1978 aggravated robbery and aggravated burglary convictions is the Habitual Criminal Act, K.S.A. 21-4504 (Weeks). It states:

"Every person convicted a second or more time of a felony, the punishment for which is confinement in the custody of the director of penal institutions, upon motion of the prosecuting attorney, may be by the trial judge sentenced to an increased punishment as follows:

(1) If the defendant has been previously convicted of not more than one felony:

(a) The court may fix a minimum sentence of not less than the least nor more than twice the greatest minimum sentence authorized by K.S.A. 1972 Supp. 21-4501 for the crime for which the defendant stands convicted: and

(b) Such court may fix a maximum sentence of not less than the maximum provided by K.S.A. 1972 Supp. 21-4501 for such crime nor more than twice such maximum.

. . . .

(4) *In the event that any portion of a sentence imposed under . . . [subsection] (1) . . . of this section, is determined to be invalid by any court because a prior felony conviction is itself invalid, upon resentencing the court may consider evidence of any other prior felony conviction that could have been utilized under . . . [subsection] (1) . . . of this section, at the time the original sentence was imposed, whether or not it was introduced at that time,* except that if the defendant was originally sentenced as a second offender, he shall not be resentenced as a third offender.

. . . .

"A judgment may be rendered pursuant to this section *only after the court finds from competent evidence the fact of former convictions* for felony committed by the prisoner, in or out of the state."

As in *Custis*, this statute focuses on the fact of conviction and does not allow a prior conviction to be subject to collateral attack. The following language in subsection (4)—"In the event that any portion of a sentence imposed under . . . *[subsection]* (1) . . . of this section, is determined to be invalid by any court because a prior felony conviction is itself invalid" does not authorize a collateral attack on a prior conviction used to enhance a sentence. Instead, the legislature intended to indicate that if a prior conviction was found invalid under a collateral attack for the reason allowed by the Constitution that the defendant was not represented by counsel or did not knowingly waive counsel at the prior conviction, then the court can consider other valid prior crimes of the defendant at the resentencing to insure that the defendant's sentence remains enhanced. See *State v. Daegele*, 206 Kan. 379, 382, 479 P.2d 891 (1971).

Further, in *State v. Pierson*, 222 Kan. at 504, the defendant was convicted of two counts of aggravated robbery, and the defendant's sentence was enhanced under the Habitual Criminal Act, K.S.A. 1973 Supp. 21-4504, which is identical to the statute used to enhance the sentences at issue. One of the underlying convictions used to enhance the defendant's sentence was a conviction for second-degree robbery which the defendant pled guilty to in 1964. The defendant collaterally attacked this 1964 underlying conviction, thereby alleging that the sentence enhancement was improper. As the *Pierson* court pointed out, the defendant did not deny that he was represented by counsel at the underlying conviction. Instead, the defendant contended that his guilty plea in the underlying conviction was not understandingly and voluntarily obtained as required by due process pursuant to *Boykin v. Alabama*, 395 U.S. 238, and *Henderson v. Morgan*, 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976).

While not directly addressing whether the enhancement statute authorized a collateral attack of previous convictions, the court refused to allow the defendant to do so. The court stated:

"Both *Boykin* and *Henderson* involved direct attacks upon the challenged plea. Neither involved a collateral attack on prior convictions used by a sentencing court in another state to enhance punishment. We find the contention of the defendant

here without merit. Every reasonable presumption in favor of the validity of a judgment should be indulged where there is nothing in the record to support allegations of irregularity. [Citation omitted.]" 222 Kan. at 504.

Furthermore, this court does not permit a collateral attack within a collateral attack. The time to attack the 1974 conviction, if allowed by statute at all, was at the 1978 sentencing or on a direct appeal of the 1978 sentencing. See *Delacruz,* 258 Kan. at 137.

The next question is whether the defendant had a right under the Constitution to collaterally attack the prior 1974 conviction which was used to enhance two of his 1978 sentences and used as an element in the 1978 firearm conviction. Under the Constitution, a defendant does not have a right to collaterally attack a prior conviction unless the defendant's prior conviction was obtained in violation of the right to counsel. *Custis,* 511 U.S. at 494; *Delacruz,* 258 Kan. at 139.

Here, the defendant was clearly represented by counsel at the 1974 conviction when he pled guilty to aggravated robbery. The record shows that an attorney was appointed to represent the defendant during prosecution of the charge. This attorney filed an alibi witness notice, pursuant to K.S.A. 22-3218 (Weeks), and filed a motion for discovery. The journal entry of judgment states that a defendant and his court appointed attorney appeared at the plea proceeding. Finally, the transcript indicates that the defendant's attorney was present at the plea proceeding and spoke on the defendant's behalf. Thus, because the defendant was represented by counsel at the 1974 plea proceeding, he does not have a constitutional right to collaterally attack this 1974 prior conviction, which was used to enhance two 1978 sentences and used as an element in the 1978 firearm conviction.

Finally, the defendant contends that his pro se motions challenging the 1978 sentences should be viewed as K.S.A. 60-1507 motions. The motions which the defendant used would have provided his requested relief if they had been granted. Thus, re-naming the motions as 60-1507 motions is not necessary. Nonetheless, the defendant contends that his action, viewed as 60-1507 request for relief, was sufficient to require appointment of counsel and a hearing pursuant to K.S.A. 60-1507(b) and *Wright v. State,* 5 Kan.

App. 2d 494, 619 P.2d 155 (1980). Thus, the defendant contends that the trial court erred in summarily denying his request for relief. Under *Wright* and 60-1507(b), a hearing should be granted unless the motion, files, and records of the case conclusively show that the movant is not entitled to any relief. Here, the record does conclusively show that the defendant was not entitled to any relief; thus, the trial court did not err in summarily denying the defendant's motions.

Affirmed.