(323 P.3d 174)
No. 104,651

STATE OF KANSAS, *Appellee*, v. SEAN AARON KEY, *Appellant*.

Opinion on remand filed April 18, 2014.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*David J. Basgall*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY, J., and ERNEST L. JOHNSON, District Judge Retired, assigned.

ARNOLD-BURGER, J.: Sean Aaron Key was convicted of a third time driving under the influence (DUI), a felony level offense. Prior to sentencing he objected to his criminal history and challenged one of his prior misdemeanor DUI convictions as unlawful. He proffered that his attorney pled to the charge without Key being present and without Key's authority. The district court found that this was an impermissible collateral attack on a prior conviction and considered the prior conviction for sentence enhancement purposes. This court dismissed the appeal for lack of appellate jurisdiction. Subsequently, our Supreme Court determined that this court did have jurisdiction to determine the validity of a prior misdemeanor for sentence enhancement purposes. However, the Supreme Court remanded the case to this court to discuss the underlying issue presented by Key: Can an unauthorized guilty plea

invalidate a prior misdemeanor for sentencing enhancement purposes? The Supreme Court directed this court specifically to *State v. Elliott*, 281 Kan. 583, 133 P.3d 1253 (2006), *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), and *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995). Because our Supreme Court has not indicated that it is departing from its prior rulings that the right to collaterally attack prior convictions used for sentence enhancement is limited to those cases involving a denial of counsel and Key was not denied his Sixth Amendment to the United States Constitution right to counsel, we find that an unauthorized guilty plea does not invalidate a prior misdemeanor for sentencing enhancement purposes. The decision of the district court denying Key's motion to strike his 2007 DUI conviction from consideration for sentence enhancement purposes is affirmed.

## Factual and Procedural History

On June 11, 2009, Key was charged with felony DUI. Key filed a motion to dismiss the charge as a felony because one of his prior DUI misdemeanor convictions was invalid. Key alleges that his attorney for that conviction pleaded guilty for Key in his absence without Key's permission and authority. The district court found Key's motion to dismiss was an impermissible collateral attack on his prior DUI conviction.

Key pleaded guilty to the felony DUI but reserved the right to appeal the denial of his motion to dismiss, to challenge the use of his prior DUI conviction, and to challenge the severity level of his sentence.

In the presentence investigation report, two prior misdemeanor DUI convictions were listed. Key objected to the presentence investigation report, again asserting that one of his previous misdemeanor DUI convictions, the one from Ellis County District Court, was unlawful because his attorney pleaded guilty on his behalf without Key's consent.

At sentencing, the district court heard Key's argument pertaining to the use of his prior misdemeanor DUI conviction to enhance the severity of his sentence. The district court again denied Key's argument finding that Key was attempting to collaterally attack the

previous DUI conviction which was not allowed. Key was sentenced to 12 months' imprisonment, but the district court suspended Key's sentence pending the outcome of his appeal.

Key filed a timely notice of appeal. This court dismissed Key's appeal for lack of jurisdiction because Key failed to file a motion to withdraw his guilty plea on the previous misdemeanor DUI conviction.

Our Supreme Court granted Key's petition for review and reversed this court's dismissal of Key's appeal on jurisdictional grounds. *State v. Key*, 298 Kan. 315, 312 P.3d 355 (2013). Our Supreme Court found:

"A defendant charged with felony driving under the influence (DUI) under K.S.A. 2007 Supp. 8-1567 may challenge before the district court the validity of a prior misdemeanor DUI used to classify the severity level of the current charge or to enhance the sentence following conviction on the current charge. However, if the defendant pleads guilty or no contest to the felony, the defendant will be limited on appeal to arguing the impropriety of the prior misdemeanor's effect as a sentencing enhancement." *Key*, 298 Kan. 315, Syl. ¶ 1.

Thus, our Supreme Court remanded the case to this court, finding that there is appellate jurisdiction over Key's challenge to his sentence, and asked us to rule on Key's underlying claim. The Supreme Court restated the issue as follows:

"Should the principles underlying our decision in *Elliott, Neal,* and *Delacruz* apply to prevent a judge from sentencing a DUI defendant to a felony sentence when one of the prior DUI misdemeanors needed to enhance the sentence resulted from an unauthorized guilty plea? If so, must this case be remanded to the district court for a factual determination on whether Key's 2007 guilty plea was unauthorized, or has the State already failed to carry its burden of proving Key's criminal history by a preponderance of the evidence, compelling vacation of the felony sentence and remand for resentencing on the felony DUI as a misdemeanor?" *Key*, 298 Kan. at 322.

## ANALYSIS

*We review the Supreme Court decision.*

Pursuant to the opinion handed down by our Supreme Court in Key's case, the court did have jurisdiction to determine the validity of Key's prior misdemeanor DUI conviction when that conviction is used to enhance the sentence following Key's conviction on the

current charge. The court made a distinction between a challenge to the conviction and a challenge to the sentence. Once a defendant pleads guilty or no contest, he or she has surrendered the right to appeal the conviction. However, the defendant may still in limited circumstances, appeal the sentence. *Key,* 298 Kan. at 321. This remains the case even if the defendant enters the plea and specifically "reserves the right" to appeal the denial of his or her motion to dismiss and the severity level of the offense, as Key attempted to do here. The Supreme Court made it clear that if a defendant plans to challenge the validity of a prior misdemeanor DUI conviction as a classifying factor for a DUI felony charge, he or she must present that challenge at preliminary hearing or through a timely motion to dismiss. 298 Kan. at 322-23. If those efforts are unsuccessful, the defendant must go to trial, even if only on stipulated facts, to preserve the argument regarding classification on appeal. 298 Kan. at 323. If the defendant instead enters a plea of guilty or no contest and does not file an unsuccessful motion to withdraw the plea before the district court, our jurisdiction is limited to a review of the sentence pronounced in the felony case. 298 Kan. at 323.

In order to properly challenge the inclusion of the prior conviction for sentence enhancement purposes, the defendant must lodge an objection at sentencing. If successful, the felony conviction will not be erased, only the enhanced felony sentence. At this point, any attempts to set aside the conviction would have to be raised through a timely K.S.A. 60-1507 motion. 298 Kan. at 323.

Because Key entered a plea of guilty to a felony DUI, he cannot challenge his conviction. He will remain convicted of a felony DUI. But he did properly lodge an objection at sentencing, so we do have jurisdiction to consider his challenge to his sentence enhancement.

*Our standard of reviews is de novo.*

Our Supreme Court has asked this court to determine the underlying issue presented by Key: "Should the principles underlying our decision in *Elliott, Neal,* and *Delacruz* apply to prevent a judge from sentencing a DUI defendant to a felony sentence when one

of the prior DUI misdemeanors needed to enhance the sentence resulted from an unauthorized guilty plea?" *Key*, 298 Kan. at 322.

Because this is a purely legal question, this court's review is de novo. See *State v. Walker*, 283 Kan. 587, 614, 153 P.3d 1257 (2007). We will begin by reviewing the cases suggested to us by the Supreme Court and their progeny.

*We review the cases to which we were referred by the Supreme Court.*

We start, chronologically, with *Delacruz*. Our Supreme Court held that an uncounseled misdemeanor for which a defendant is not subject to incarceration can be included in his or her criminal history for sentence enhancement purposes. 258 Kan. 129, Syl. ¶ 2. However, before a misdemeanor conviction which results in actual jail time may be included in a defendant's criminal history, either the record must demonstrate that the defendant was represented by counsel or that the defendant waived counsel. 258 Kan. 129, Syl. ¶ 7. In reaching this conclusion, our court relied on and approved of the rationale used by the United States Supreme Court in *Nichols v. United States*, 511 U.S. 738, 748-49, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994) (Uncounseled convictions that do not result in jail time may be used for later sentence enhancement.). 258 Kan. at 135.

Our Supreme Court also expressly adopted the reasoning in *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), where the defendant attempted to attack his prior convictions for sentence enhancement purposes based on ineffective assistance of counsel, that his guilty plea was not knowing and intelligent, and he had not been adequately informed of his right to opt for a trial on stipulated facts. The United States Supreme Court found that none of the defendant's purported constitutional violations rose "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. [Citation omitted.]" *Custis*, 511 U.S. at 496. The denial of the Sixth Amendment right to counsel had much earlier been described as a jurisdictional bar by the United States Supreme Court. *Johnson v. Zerbst*, 304 U.S. 458, 467-68, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). Accordingly, *Custis*

limited collateral attacks on prior convictions to constitutional defects related solely to the appointment of counsel. 511 U.S. at 496. The *Delacruz* court followed suit, finding that Delacruz' contention that his prior convictions were constitutionally infirm due to an inadequate plea colloquy—he contended he was not advised of his rights regarding his guilty pleas and his pleas were not knowingly and intelligently made—was not subject to review. The court opined that allowing a collateral attack on prior convictions on the basis of inadequate plea colloquies would force the sentencing court to look behind every conviction with practically no record to rely on. 258 Kan. at 139.

"The determination of claims of ineffective assistance of counsel and failure to assure that a guilty plea was voluntary would require sentencing courts, when considering previous convictions under federal sentencing guidelines, to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era." 258 Kan. at 138-39.

The court in *Delacruz* also pointed out two additional reasons that collateral attacks on previous convictions are limited to cases involving the denial of the right to counsel: promoting the ease of administration and the finality of judgments.

As to promoting the finality of judgments, the court quoted the following from *Custis*:

" 'By challenging the previous conviction, the defendant is asking a district court "to deprive [the state court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." [Citation omitted.] These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, "the concern with finality served by the limitation on collateral attack has special force." [Citation omitted.]' [Citation omitted.]" *Delacruz*, 258 Kan. at 139.

The Supreme Court reiterated its decision in *Delacruz* 1 year later in *State v. Chiles*, 260 Kan. 75, 917 P.2d 866 (1996). Chiles argued that his prior conviction should not be considered for enhancement purposes because he was not properly informed of the consequences of his guilty plea as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and K.S.A. 22-3210. *Chiles*, 260 Kan. at 76. The court held, as it did in *De-*

*Iacruz*, that "[a] defendant does not have a constitutional right to collaterally attack a prior conviction used to enhance a current sentence unless the prior conviction was obtained in violation of the right to counsel." 260 Kan. 75, Syl.; see also *State v. McDonald*, 272 Kan. 222, Syl. ¶ 4, 32 P.3d 1167 (2001) (no constitutional right to collaterally attack a prior conviction unless it was obtained in violation of the right to counsel); *State v. Long*, 41 Kan. App. 2d 477, Syl. ¶ 2, 203 P.3d 45 (2009) (same); *State v. Allen*, 28 Kan. App. 2d 784, 790, 20 P.3d 747 (2001) (same).

Next, in *Elliott*, the defendant challenged four prior municipal court misdemeanor DUI convictions that were used to enhance his sentence because they should have been considered felonies— which would have deprived the municipal court of jurisdiction. Our Supreme Court held that a defendant can challenge a misdemeanor conviction for DUI when it is included in the defendant's criminal history for the purpose of enhancing the sentence for a felony DUI conviction. 281 Kan. 583, Syl. ¶ 6. In addition, the court found that the defendant's third and fourth prior misdemeanor DUI convictions in municipal court were void and could not be used to enhance a subsequent DUI offense because the municipal court lacked subject matter jurisdiction over the cases. *Elliott* appears to be limited to a discussion of subject matter jurisdiction and the general rule that subject matter jurisdiction can be raised at any time, it cannot be waived by the parties and a conviction that lacks jurisdiction is void. 281 Kan. 583, Syl. ¶ 3-4. The *Elliott* court does not reference any of the federal caselaw regarding violation of constitutional rights. However, because it did involve a jurisdictional bar, it is consistent with the holdings in *Zerbst* and *Custis* that violation of the Sixth Amendment right to counsel is a jurisdictional prerequisite to a valid conviction. *Custis*, 511 U.S. at 494; *Zerbst*, 304 U.S. at 468.

And finally, in *Neal*, the defendant filed a motion to correct an illegal sentence arguing that his uncounseled misdemeanor convictions were improperly combined into a single person felony in determining his criminal history score. The Supreme Court held that a person charged with a misdemeanor that carried a sentence of incarceration, *even if the sentence is suspended or probated*, has

a right to counsel. 292 Kan. at 633. This result was required due to the United States Supreme Court's elimination of the bright line incarceration rule in *Alabama v. Shelton*, 535 U.S. 654, 658, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002), and adopted by Kansas in *State v. Youngblood*, 288 Kan. 659, Syl. ¶¶ 2-3, 206 P.3d 518 (2009) (also finding that an uncounseled misdemeanor conviction obtained in violation of the misdemeanant's Sixth Amendment right to counsel may not be collaterally used for sentence enhancement in a subsequent criminal proceeding). The opportunity to address the issue directly arose in *Neal*. On the prior conviction challenged by Neal, he had been sentenced to 3 months in jail but placed on probation and thus not required to actually serve the jail term. The Supreme Court reiterated that if the defendant did not receive counsel on such a misdemeanor, then that conviction cannot be used to enhance the defendant's sentence. 292 Kan. at 632-33.

So clearly, we can conclude from these cases that the denial of the right to appointed counsel and the lack of the court's subject matter jurisdiction can be the bases upon which a court may disregard prior convictions in the calculation of a subsequent sentence enhancement. However, claims of ineffective assistance of counsel or failure to comply with *Boykin* with regard to the due process requirements of a plea advisory are not allowed in a collateral attack of a prior conviction used for sentence enhancement purposes in a subsequent conviction.

Since the *Custis* decision, the United States Supreme Court has reaffirmed the limitation on collateral challenges in two cases, *Daniels v. United States*, 532 U.S. 374, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001), and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). In *Daniels*, the Court held that a federal prisoner could not challenge his federal sentence under 28 U.S.C. § 2255 (motion to vacate sentence) on the non-*Gideon* ground that his prior convictions were unconstitutionally obtained. *Daniels*, 532 U.S. at 376; see *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). That same term, the Court extended the *Custis* holding to state prisoners seeking to challenge enhanced state sentences pursuant

to 28 U.S.C. § 2254 (federal habeas corpus). In *Coss*, the Court stated:

"[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation omitted.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained." 532 U.S. 403-04.

But, as in *Custis*, because the failure to appoint counsel under the Sixth Amendment is a unique circumstance that warrants special treatment among alleged constitutional violations, it is the only claim that can be raised in a collateral challenge to sentence enhancement. *Coss*, 532 U.S. at 404. That said, the United States Supreme Court did leave a small door open in both *Coss* and *Daniels* for the "rare [case] in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 532 U.S. at 383; see *Coss*, 532 U.S. at 405-06. In both *Daniels* and *Coss* the United States Supreme Court again emphasized the overarching considerations of preserving the integrity and finality of the prior judgment and ease of administration. *Daniels*, 532 U.S. at 379-80; *Coss*, 532 U.S. at 402-03.

In addition, the majority of state supreme courts that have faced this question have concluded that the reasoning of *Custis* is sound. "They have concluded that the right to collaterally attack a conviction that will enhance a new charge or sentence should be, for solid constitutional and policy reasons, limited to a claim that the defendant was deprived of the fundamental Sixth Amendment right to counsel." *State v. Johnson*, 38 A.3d 1270, 1275 (Me. 2012) (listing at least 11 states—including Kansas with *Delacruz*—that have expressly or implicitly adopted the *Custis* framework). Only two states, Montana and California, have specifically rejected *Custis* by significantly expanding the right to collaterally attack prior convictions. *Johnson*, 38 A.3d at 1275 n.7; see also *State v. Weber*, 140 Idaho 89, 94-95, 90 P.3d 314 (2004) (listing Kansas among the

states that align with *Custis* based upon the Kansas Supreme Court decisions in *Chiles* and *Delacruz*).

*We apply the law to the facts of this case.*

Key likens his argument in this case, that the plea he entered in 2007 was unauthorized, to these prior cases. In other words, because the decision to plead and the choice of plea is a fundamental right guaranteed to a criminal defendant, a denial of that right should invalidate the conviction upon which it is based. *Thompson v. State*, 293 Kan. 704, 720, 270 P.3d 1089 (2011) (choice of plea is one of the few decisions about the conduct of a criminal case that rests entirely with the client); *State v. Bricker*, 292 Kan. 239, 252, 252 P.3d 118 (2011) (citing *State v. Carter*, 270 Kan. 426, 441, 14 P.3d 1138 [2000], for proposition that decision to enter a plea of guilty or not guilty to a criminal charge is a fundamental constitutional right guaranteed to a defendant and lies solely with the defendant).

So we return to the initial question. Is Key correct? Should the principles underlying *Elliott, Neal,* and *Delacruz* apply to prevent a judge from sentencing a DUI defendant to a felony sentence when one of the prior DUI misdemeanors needed to enhance the sentence resulted from an unauthorized guilty plea? *Key*, 298 Kan. at 322. Our answer is, no.

Clearly, the decision to enter a guilty or not guilty plea to a criminal charge is a fundamental constitutional right guaranteed to the defendant and lies solely with the defendant. *Carter*, 270 Kan. at 441. A defendant's tacit acquiescence in the decision to plead is insufficient to render the plea valid. *Florida v. Nixon*, 543 U.S. 175, 187-88, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004) (citing *Boykin*, 395 U.S. at 242). A plea of guilty entered by counsel has the same force and effect as a plea personally entered by the accused, where the accused is present in court "when counsel enters the plea and the circumstances are such as to show clearly that the accused understands what is being done and acquiesces therein." *State v. Spain*, 193 Kan. 1, 4-5, 391 P.2d 1001 (1964) (defendant remained silent while counsel entered plea to a felony).

But in misdemeanor cases, the court may allow the defendant to appear and plead by counsel. K.S.A. 22-3210(b). Similarly, K.S.A. 22-3405 requires that the defendant be present at every stage of a felony case but allows the defendant to be present either personally or by counsel at every stage of a misdemeanor case. See also K.S.A. 12-4402 (allowing municipal judge, at his or her discretion, to require defendant's appearance on a DUI or allow appearance and plea through counsel or by mail); K.S.A. 12-4407 (Upon a guilty plea, the municipal judge "may hear evidence touching on the nature of the case, or otherwise ascertain the facts thereof" and may accept the plea or refuse to accept the plea.). So if the misdemeanor plea is authorized by the defendant, it can be entered in abstentia through his or her attorney.

Key alleges that he did not authorize his attorney to enter a guilty plea. He claims he was not present and did not even know his attorney was entering a plea on his behalf. A review of the record provides some support for his claim. The journal entry of sentencing indicates that Key appeared by his attorney John Boone. The plea and sentence contained in the journal entry are only signed by his attorney. The signature line for Key is blank.

However, it is undisputed that he did have an attorney, so there is no Sixth Amendment *Gideon* violation here. He does not contend that he did not want to plead guilty or that he would have been acquitted had he gone to trial. He did not appeal his conviction. He did not seek to withdraw his plea. In fact, he served his sentence. Because there is no allegation that he did not comply with his sentence, we assume he successfully completed his 1-year probation period and paid his fines. He did not challenge the jurisdiction of the court. He proffers no reason for not challenging his conviction if he believed his plea to be without his permission or knowledge. He does not claim that there was anything beyond his control that prevented him from a timely challenge to his conviction and sentence in 2007.

We find no cases that elevate the entry of an unauthorized guilty plea to the same level as *denial* of the Sixth Amendment right to counsel. It is, for all purposes, an ineffective assistance of counsel claim. The decision to enter a plea is but one of many fundamental

rights at stake in a criminal conviction. Certainly, the right to counsel includes the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel can deprive a defendant of effective assistance by failing to render " 'adequate legal assistance.' " 466 U.S. at 686. Thus, the adversarial process protected by the Sixth Amendment requires that the accused have "counsel acting in the role of an advocate." *Anders v. California*, 386 U.S. 738, 743, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). But even in *Carter*, the court found that imposing a guilt-based defense against defendant's wishes violated defendant's fundamental right to enter a plea of not guilty and accordingly "deprived the defendant of *effective assistance of counsel*." (Emphasis added.) 270 Kan. 426, Syl. ¶ 4.

Our Supreme Court has not been hesitant to reverse convictions upon a finding that counsel was ineffective. See *State v. Cheatham*, 296 Kan. 417, 419-20, 447, 292 P.3d 318 (2013) (counsel repeatedly referred to client as a " 'professional drug dealer' " and " 'shooter of people' "; voluntarily disclosed prior manslaughter conviction to the jury; advised the jury that ignoring client's background when determining guilt would require " 'some sort of superhuman fiction' "; and had a conflict of interest). Key's claim that his attorney entered a plea to a misdemeanor without his knowledge, to which he later acquiesced by serving the 5-day jail sentence, pales in comparison to Cheatham's attorney's actions in his capital murder trial. If true, both constitute ineffective assistance of counsel and our Supreme Court, as well as the United States Supreme Court, has consistently rejected claims that ineffective assistance of counsel can be the basis for a collateral challenge to a subsequent sentence enhancement.

Moreover, to expand consideration of such collateral attacks to the denial of "fundamental rights" beyond the right to appointment of counsel opens a floodgate of potential claims and the erosion of the concept of finality of judgments. As the court feared in *Delacruz*, it would force the sentencing court to look behind every conviction with practically no record to rely on. 258 Kan. at 139; see *State v. Larraco*, 32 Kan. App. 2d 996, 999, 93 P.3d 725 (2004) ("There is no more fundamental right in the United States than

the right to a jury trial."); *State v. Roland,* 15 Kan. App. 2d 296, 300-01, 807 P.2d 705 (1991) (reversing conviction because counsel agreed to an 11-member jury when one member was allowed to leave due to a family death, but defendant was not consulted); *State v. Cox,* 297 Kan. 648, 656-57, 304 P.3d 327 (2013) (violation of Sixth Amendment fundamental right to public trial requires reversal).

The United States Supreme Court has not expanded its ruling in *Custis,* instead it has continued to limit it solely to cases involving the denial of appointed counsel. The rationale for such a limitation was subsequently expressed in *Daniels* and *Coss.* We find this approach to be sound. As the Supreme Court stated in *Daniels,*

"a defendant generally has ample opportunity to obtain constitutional review of a state conviction. [Citation omitted.] But once the 'door' to such review 'has been closed,' [citation omitted] by the defendant *himself*—either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation—the conviction becomes final and the defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." 532 U.S. at 383.

Expanding the situations in which a defendant can collaterally attack a prior conviction "provide convicted defendants an incentive to forego a timely appeal or petition for post-conviction review, knowing that they will never lose the ability to challenge the validity of the conviction if, in the future, it is relied upon by the State to enhance a new criminal charge." *Johnson,* 38 A.3d at 1278. Our system of justice should encourage the predictable and timely completion of criminal cases, not provide defendants with an incentive to delay exercising their rights to appellate and post-conviction review. See also *State v. Boskind,* 174 Vt. 184, 192, 807 A.2d 358 (2002) ("We fail to see how the defendant, judicial administration, or justice are served by a system that provides incentives for defendants . . . to ignore alleged constitutional violations at the time they take place in the belief that some tactical advantage may be gained by challenging a conviction remote in time.").

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. See *Friends of Bethany Place v. City of*

*Topeka,* 297 Kan. 1112, 1130, 307 P.3d 1255 (2013). We find that based upon our Supreme Court's clear direction in *Delacruz, Chiles, McDonald, Elliott,* and *Neal,* as well as the United States Supreme Court decisions in *Custis, Daniels,* and *Coss,* a claim that a defendant's counsel was ineffective for entering a plea of guilty on his or her behalf without the authority to do so does not provide an independent basis upon which to collaterally attack the validity of a prior misdemeanor conviction used to enhance a subsequent sentence. We find nothing in the decisions of our Supreme Court to indicate it is departing from its clear and unequivocal statement in *Delacruz* that "[t]he right to collaterally attack prior convictions used for sentence enhancement is limited. Only in those cases involving a denial of counsel as outlined in *Gideon* is such an attack allowed." *Delacruz,* 258 Kan. 129, Syl. ¶ 5.

Key had ample opportunity to raise this claim in 2007 as a direct appeal or a motion to withdraw his plea, or subsequently, in a proceeding under K.S.A. 60-1507. He may have been successful. But he is not entitled, under current federal and Kansas jurisprudence, to a second bite of the apple.

Accordingly, the decision of the district court denying Key's motion to strike his 2007 DUI conviction from consideration for sentencing enhancement purposes is affirmed.

Affirmed.