NOT DESIGNATED FOR PUBLICATION

No. 118,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES HENRY GRAHAM JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed March 29, 2019.
Appeal dismissed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and POWELL, JJ.

PER CURIAM: In this direct appeal, James Graham Jr. appeals his convictions of two counts of criminal nonsupport of a child. Graham claims the district court violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by refusing to consider the reasons for his failure to pay child support under a deferred prosecution order entered by the court after Graham pled guilty to the charges. But regardless of how Graham frames the issue, he is attempting to appeal his convictions following a guilty plea without first filing a motion to withdraw the plea. Under K.S.A. 2018 Supp. 22-3602(a), we lack jurisdiction over this direct appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

This case presents a unique set of facts. Graham is the father of two children: K.G., born in 1994, and T.G., born in 1996. On August 23, 1999, the Saline County District Court ordered Graham to pay child support in the amount of $450 per month in case No. 99CVD395. The child support order remained in effect until the two children reached the age of majority or were emancipated, unless modified by the court.

On March 20, 2008, the State charged Graham with two counts of nonsupport of a child in violation of K.S.A. 21-3605(a)(1), which has since been recodified at K.S.A. 2018 Supp. 21-5606(a)(1). The complaint alleged that Graham was at least $45,742 in arrears on his child support obligations. The district court issued a warrant for Graham's arrest, and he was extradited to Kansas from Michigan.

At the time, K.S.A. 21-3605(a)(4) authorized a district court to exercise its discretion "[a]t any stage of the proceeding" to stay the proceedings by "enter[ing] an order which shall be subject to change by the court, as circumstances may require, directing the defendant to pay a certain sum periodically, for a term not exceeding the period during which the obligation to support shall continue." The statute also provided:

> "If the court is satisfied by due proof that, at any time during the period while the obligation to support continues, the defendant has violated the terms of such order, the court may forthwith proceed with the trial of the defendant under the original charge, or sentence the defendant under the original conviction, or enforce the suspended sentence as the case may be." K.S.A. 21-3605(a)(5).

At a hearing on May 15, 2008, by agreement of the parties, Graham pled guilty to the charges and in exchange, under K.S.A. 21-3605(a)(4), the court stayed acceptance of the pleas and released Graham on the condition that he make child support payments as scheduled. The prosecutor explained that the State would monitor Graham's payments

"[a]nd if there's a month that's missed, we will notice it up, and at that time the Court would accept the conviction, and he would go for presentence investigation." During a recess, the parties signed a written tender of plea in which Graham agreed to plead guilty to both counts and the State agreed to recommend that he be allowed to return to Michigan. The written plea agreement, signed by Graham, indicated that by pleading guilty to the charges, he was waiving his right to appeal his convictions.

When the hearing resumed, the district court addressed Graham personally about the rights he was waiving by pleading guilty. Graham agreed on the record that by entering his guilty pleas, he was giving up the right to appeal his convictions. The district court clarified that Graham's guilty pleas would be entered but would not be formally accepted as long as he complied with the following terms: (1) Graham would personally appear in district court whenever directed to do so; (2) he would pay $450 per month in support, $25 per month toward the arrearage, and $25 per month toward extradition costs; and (3) he would be allowed 30 days before his payment obligations began.

The prosecutor stated a factual basis for the charges against Graham, including the fact that he was at least $45,725 in arrears on child support and that he "willfully refused without lawful excuse to pay the support as ordered while the children have remained in necessitous circumstances." Graham pled guilty to the charges in open court. The district court closed the hearing by telling Graham, "I again remind you if at any time you violate the terms the Court set, we could revoke the order I've just entered staying this [case], and we'll pick up where we left off with you having entered your plea."

More than two years later, on November 9, 2010, the State moved to resume prosecution, asserting that Graham had failed to make the payments required, and asking the district court to accept Graham's guilty pleas and convict him of the charges. Based on the motion, on January 18, 2011, the district court issued a bench warrant for Graham's arrest. Years passed, and at some point not precisely identified in the record on

3

appeal, Graham was extradited to Kansas. He personally appeared in district court on June 27, 2017, and the district court reappointed counsel to represent him.

The district court held a hearing on August 2, 2017, to determine whether Graham had violated the deferred prosecution agreement. Graham appeared in person and with counsel. The State called Andrew Couch, an employee of Young Williams Child Support Services, the corporation that contracts with Kansas to enforce child support obligations. Couch testified that he was unaware of any payments made toward Graham's child support obligations since 2008. Graham similarly testified that he believed that his last child support payment was in December 2008. But when defense counsel asked Graham if any event had affected his ability to make payments, the State objected, contending that the sole issue was whether Graham had made payments under the agreement and that the reason for nonpayment was irrelevant.

After hearing arguments of counsel, the district court found that under K.S.A. 21-3605(a)(5), the only issue before the court was whether Graham had made his child support payments under the deferred prosecution order. The district court stated:

> "That [statute] does not take any of the other factors you're raising into—into account, [defense counsel]. It's strictly a matter under the statute of whether he kept the agreement or not. I—Court agrees with [the State] on that point.
> "Now, if the Court accepts the plea and sets it for sentencing, those are all issues the Court can consider as far as sentencing issues, but, as far as whether the agreement has been [b]reached, [the] Court does not see those as relevant considerations under the statute."

Following the district court's ruling, defense counsel proffered to the court that Graham would have testified that he failed to make his payments under the deferred prosecution order because he had a neck injury that rendered him unable to work. Based on the evidence presented, the district court found that the State had shown due proof that

4

Graham failed to pay child support as he had been ordered by the court. The district court also noted that there was no evidence that Graham had sought to amend or modify the conditions on which the proceedings were stayed. Thus, the district court concluded that Graham had violated the May 2008 agreement, and the court accepted Graham's guilty pleas to two counts of criminal nonsupport of a child, convicting him of both counts.

On October 2, 2017, the district court sentenced Graham to 6 months' imprisonment on each count to be served consecutively and granted probation for 12 months to be supervised by court services. Graham timely appealed.

ANALYSIS

On appeal, Graham filed a brief and argued that "[t]he district court violated the Equal Protection Clause when it refused to consider [his] evidence that he was unable to make payments toward the child support arrearage [under the stay order]." The State's brief responded that "[t]he district court correctly reinstated prosecution after it found the State provided sufficient proof under K.S.A. 21-3605(a)(5) to show Graham violated the obligations of the deferred prosecution agreement." Neither party questioned this court's jurisdiction to address the issue raised on appeal.

K.S.A. 21-3605(a)(1), the statute under which Graham was convicted, states: "Nonsupport of a child is a parent's failure, neglect or refusal *without lawful excuse* to provide for the support and maintenance of the parent's child in necessitous circumstances." (Emphasis added.) Whether a parent has a lawful excuse for nonpayment of support, such as an injury causing prolonged unemployment, clearly is a defense to the charge of criminal nonsupport of a child. But Graham waived that defense in his case when he entered a guilty plea to the charges on May 15, 2008, at least as to his child support payments owed at the time of the plea. See K.S.A. 22-3209(1) ("A plea of guilty is admission of the truth of the charge and every material fact alleged therein.").

5

K.S.A. 21-3605(a)(4) allows the district court to enter a deferred prosecution order "[a]t any stage of the proceeding" in a criminal prosecution as long as the defendant makes child support payments as ordered by the court. K.S.A. 21-3605(a)(5) goes on to provide that the district court can set aside a deferred prosecution order "[i]f the court is satisfied by due proof that . . . the defendant has violated the terms of such order." The crux of Graham's argument on appeal is that the district court violated the Equal Protection Clause when it found that his reasons for not making child support payments under the deferred prosecution order did not matter. But before we can address this issue, we must decide whether we have jurisdiction over Graham's appeal.

"[A]n appellate court has a duty to question jurisdiction on its own initiative." *State v. Marinelli*, 307 Kan. 768, 774, 415 P.3d 405 (2018). Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions not applicable here, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919. In Kansas, criminal defendants are granted an appeal as a matter of statutory right from any judgment against them. See K.S.A. 2018 Supp. 22-3602(a). But K.S.A. 2018 Supp. 22-3602(a) broadly prohibits an appeal of a defendant's conviction following a guilty plea by stating:

> "No appeal shall be taken by the defendant from a judgment of conviction before a
> district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other
> grounds going to the legality of the proceedings may be raised by the defendant as
> provided in K.S.A. 60-1507, and amendments thereto."

Although a defendant who pleads guilty can appeal his or her *sentence*, K.S.A. 2018 Supp. 22-3602(a) is a jurisdictional bar to a defendant's direct appeal of his or her

conviction resulting from a guilty plea. An accused who enters a voluntary plea of guilty waives any defects or irregularities in the proceedings in district court "'even though the defects may reach constitutional dimensions.'" *State v. Edgar*, 281 Kan. 30, 39, 127 P.3d 986 (2006) (quoting *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 [1971]).

It is well established in Kansas that a defendant may not file a direct appeal from a plea of guilty unless he or she first moves to withdraw the plea and the district court denies the motion. In *State v. Hall*, 292 Kan. 862, Syl. ¶ 1, 257 P.3d 263 (2011), our Supreme Court clearly articulated:

> "A defendant cannot take a direct appeal from a conviction flowing from a guilty plea. Such defendant must first file a motion to withdraw plea in the district court. If that motion is denied, a direct appeal may follow. The defendant's failure to file a motion to withdraw plea in the district court . . . deprives this court of appellate jurisdiction."

K.S.A. 2018 Supp. 22-3210(d) allows a defendant to file a motion to withdraw a plea of guilty or nolo contendere at any time before sentencing. Such a motion can be filed after sentencing to correct manifest injustice provided the motion is filed within one year of the sentence becoming final, and even that deadline can be extended upon a showing of excusable neglect by the defendant. K.S.A. 2018 Supp. 22-3210(d)(2), (e).

The briefs and the record on file with the Clerk of the Appellate Court in this direct appeal contain no indication that Graham ever moved to withdraw his pleas in the district court—either before or after sentencing. Thus, we ordered Graham to show cause why his appeal should not be summarily dismissed for lack of jurisdiction. Our show cause order specifically cited *Hall* and K.S.A. 2018 Supp. 22-3602(a).

Graham filed his response, which is noted. Graham argues that his case is materially distinguishable from *Hall* because Hall sought to attack the validity of his

guilty plea, whereas Graham challenges "the district court's unrelated decision to lift the stay between the plea and the acceptance of the plea." Graham asserts that while Hall argued he was incompetent to enter the guilty plea, Graham simply wishes to "return[] to a status of having pleaded guilty, but not having that plea accepted," and he seeks an order from this court instructing the district court to consider "his financial ability to pay."

We are not persuaded by Graham's argument. Although *Hall* is factually distinguishable from Graham's case, it is not the only case that recognizes our lack of jurisdiction over a direct appeal from a conviction based on a guilty plea. See, e.g., *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012) ("[A] guilty plea without a subsequent motion to withdraw the plea in the district court deprives Kansas appellate courts of jurisdiction."); *State v. Key*, 50 Kan. App. 2d 137, 141, 323 P.3d 174 (2014) ("Once a defendant pleads guilty or no contest, he or she has surrendered the right to appeal the conviction."). Thus, the factual distinctions between *Hall* and Graham's case do not render inapplicable the broad holding by Kansas appellate courts that a defendant who enters a guilty plea and later wishes to pursue a direct appeal from his or her conviction must first move to withdraw the plea in the district court.

Graham also argues that K.S.A. 2018 Supp. 22-3602(a) does not apply here because he is not challenging the validity of his guilty pleas, but rather he is challenging the district court's decision to lift the stay of the proceedings against him and accept the guilty pleas. We are similarly unpersuaded by this argument. Graham was convicted based on his guilty pleas. Although his appellate focus is on the alleged error by the district court in lifting the stay without considering the reasons that allegedly caused his noncompliance with the deferred prosecution order, the relief he seeks in this direct appeal is to "return[] to a status of having pleaded guilty, but not having that plea accepted." To return Graham to that status, we would need to set aside Graham's

8

convictions. Because his convictions were based on his guilty pleas, granting such relief in this direct appeal is expressly prohibited by K.S.A. 2018 Supp. 22-3602(a).

Graham could have filed a motion to withdraw his guilty pleas in district court at any time before sentencing. He can still file a motion to withdraw his guilty pleas even after sentencing provided that he satisfies the statutory requirements to do so. In such a motion, Graham could argue, for instance, that he never realized his guilty pleas would stand even if he had valid reasons not to pay child support under the deferred prosecution order. If such a motion is denied, Graham could appeal that ruling, and in such an appeal, he could assert the argument he is now trying to make to this court in his direct appeal. Under those circumstances, we would have appellate jurisdiction to address the merits of Graham's claim. Likewise, Graham could pursue his claim in a K.S.A. 60-1507 motion, and he could appeal from any adverse ruling because appeals from K.S.A. 60-1507 proceedings are not subject to the jurisdictional bar at K.S.A. 2018 Supp. 22-3602(a).

We make no comment on the merits of Graham's substantive argument in this appeal. But based on Kansas law, Graham must first file a motion to withdraw his guilty pleas and have that motion denied before we have jurisdiction to review Graham's convictions in a direct appeal. For all we know, Graham might prevail on a motion to withdraw his pleas in district court, making an appeal unnecessary.

To sum up, Graham is not appealing his sentence in this case. He has filed a direct appeal of his criminal convictions, and he is asking this court to reverse his convictions and remand for further proceedings. Graham pled guilty to the charges against him in district court, resulting in his convictions. Regardless of how Graham frames the issue on appeal, he is attempting to appeal his convictions following a guilty plea. Under K.S.A. 2018 Supp. 22-3602(a), we lack jurisdiction over this direct appeal, so we must dismiss.

Appeal dismissed.

9